**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Fifth Third Bank, National Association<br><br>        Plaintiff(s),<br><br>v.<br><br>Boston Market Corporation, et al<br><br>        Defendant(s). | Case No. 1:24-cv-03030 |

**JOINT STATUS REPORT**

This lawsuit was initiated by Fifth Third Bank, National Association ("Fifth Third") through its filing of the Complaint for Interpleader and Declaratory Relief on April 15, 2024. Dkt 1. The nature of this lawsuit concerns funds held by Fifth Third (collectively, the "Funds") on account for Boston Market Corporation ("Boston Market") and was filed by Fifth Third due to the various competing claims to the Funds as more fully outlined in the Complaint. *See* Dkt. 1.

**I.**      **Nature of the Case**

        A.     Identify the attorneys of record for each party.

*The following parties have appeared through counsel:*

*Plaintiff,* **Fifth Third,** *is represented by Alexander Wright of Dinsmore & Shohl LLP.*

*Defendant and cross claimant,* **US Foods, Inc.** *("US Foods"), is represented by Elizabeth L. Janczak, David James Doyle, and Shelly Ann DeRousse of Smith, Gambrell & Russell.*

*Defendant and cross-defendant,* **Metropolitan Investment Group of Wheaton, LLC** *("Metropolitan"), is represented by Christopher Scott Wunder and Dean Arthur Jepsen of Kaplan Papadakis & Gournis.*

*Defendant and cross-defendant,* **Greenridge Plaza 674, LLC** *("Greenridge"), is represented by Brian Richard Zeeck of Hinshaw & Culbertson.*

*Defendant and cross-defendant,* **Ben E. Keith Company** *("Ben E. Keith"), is represented by Bruce William Akerly of Akerly Law.*

*The following parties have not appeared through counsel:*

*Defendant and cross-defendant,* **Boston Market Corporation***.*

*Defendant and cross-defendant,* **New Mexico Department of Taxation and Revenue***.*

*Defendant and cross-defendant,* **RFTC 1 Corp.**

*Defendant and cross-defendant,* **Samson MCA LLC** *("*Samson*"). Pursuant to the Stipulation of Release and Dismissal filed on August 7, 2024, Fifth Third, US Foods, and Samson agreed to dismiss Samson in exchange for Samson's agreement to release its claim, if any, to the Stake (as defined below).*

*Defendant and cross-defendant,* **Scarsdale Central Company, LLC***.*

*Defendant and cross-defendant,* **State of Arizona Department of Revenue***.*

B. State the basis for federal jurisdiction.

*The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1335 because two or more of the Defendants are of diverse citizenship. As outlined in the Complaint, Fifth Third is holding $255,148.74 (the "*Stake*").*

C. Provide a short overview of the case in plain English (five sentences or less).

*All defendants have asserted a claim against the Stake outside of this proceeding. Fifth Third seeks to deposit the Stake with the Court not out of convenience but necessity because it is, as of April 5, 2024, subject to conflicting claims, orders, and garnishments regarding the Stake. See DN 1.*

D. Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

***Fifth Third*** *has asserted claims for i) statutory interpleader (seeking to deposit the Stake) and ii) declaratory relief (seeking an order as to who is entitled to the Stake). See Dkt. 1.*

***US Foods*** *has asserted a cross-claim for declaratory relief seeking an order finding that US Foods has superior, first-priority rights to the Stake and directing that the entire amount of the Stake be paid to US Foods. On August 7, 2024, US Foods filed a Motion for Default Judgment, seeking an order of default against cross-defendants Boston Market; State of Arizona, Department of Revenue; Ben E. Keith; State of New Mexico Taxation and Revenue Department; RFTC 1 Corp; and Scarsdale Central Company, LLC (collectively, the "Defaulting Defendants") due to Defaulting Defendants' failure to plead or otherwise defend against the cross-claim and default judgment against the Defaulting Defendants. See Dkt. 51.*

  E.  What are the principal factual issues?

    *Whether the Funds constituting the Stake are PACA trust assets.*

  F.  What are the principal legal issues?

    *Whether US Foods' adjudicated PACA trust claim provides US Foods with a superior, first-priority right to the Stake.*

    *Whether the Funds constituting the Stake are PACA trust assets.*

  G.  What relief is the plaintiff(s) seeking? Quantify the damages, if any.

    ***Fifth Third*** *seeks an order to deposit the Stake and/or an order directing it to dispute the Stake.*

    ***US Foods*** *seeks an order finding that US Foods has superior, first-priority rights to the Stake, and directing that the entire amount of the Stake be paid to US Foods.*

  H.  Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

    *All defendants have been served or have waived service.*

**II.** **Discovery**

  A.  Proposed discovery schedule:

    *The remaining defendants have not yet answered. The parties request that the Court delay setting a discovery schedule until after the remaining defendants have filed answers and this Court has ruled on the motion to deposit the Stake.*

  B.  How many depositions do the parties expect to take?

    *Unknown at this time, but not to exceed limits in Federal Rules.*

  C.  Do the parties foresee any special issues during discovery?

    *No.*

  D.  Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

    *The parties have not yet discussed a discovery plan.*

**III.** **Trial**

    A.    Have any of the parties demanded a jury trial?

        *No.*

    B.    Estimate the length of trial.

        *1-2 days.*

**IV.** **Settlement, Referrals, and Consent**

    A.    Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)

        *No settlement discussions have taken place yet, but should the Court grant the motion to interplead the Stake, the remaining defendants may seek a consensual resolution among themselves.*

    B.    Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

        *No.*

    C.    Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

        *Not at this time as the parties would prefer to discuss a consensual resolution among themselves first.*

**V.** **Other**

    A.    Is there anything else that the plaintiff(s) wants the Court to know?

        *Nothing at this time from Fifth Third.*

    B.    Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

        *Nothing at this time from the defendants.*

Dated: August 14, 2024                       Respectfully submitted,

/s/ Alexander N. Wright
Alexander N. Wright (6314304)
DINSMORE & SHOHL LLP
222 W. Adams Street, Suite 3400
Chicago, IL 60606
Tel: (312) 837-4322
E-mail: Alexander.Wright@dinsmore.com
*Attorney for Plaintiff, Fifth Third Bank, National Association*

/s/ Elizabeth L. Janczak
David James Doyle
Elizabeth L. Janczak
Smith Gambrell Russell LLP
311 South Wacker Drive, Ste 3000
Chicago, IL 60606
Tel: 312-360-6824
E-mail: ddoyle@sgrlaw.com
E-mail: ejanczak@sgrlaw.com
*Attorneys for Defendant US Foods, Inc.*

/s/ Brian Zeeck
Brian Zeeck
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
Tel: (312) 704-3028
E-mail: bzeeck@hinshawlaw.com
*Attorneys for Defendant Greenridge Plaza 674, LLC*

/s/ Bruce W. Akerly
Bruce W. Akerly
Akerly Law PLLC
2785 Rockbrook Drive, Suite 201
Lewisville, TX 75067
Tel: 469-444-1878
E-mail: bakerly@akerlylaw.com
*Attorney for Defendant Ben E. Keith Company*

/s/ Christopher S. Wunder
Christopher S. Wunder
Dean Jepson
Kaplan Papadakis & Gournis, P.C.
180 N LaSalle Street, Suite 2108
Chicago, IL 60601
Tel: (312) 726-0531
E-mail: cwunder@kpglaw.com
*Attorneys for Defendant Metropolitan Investment Group of Wheaton, LLC*